IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| Adam Arellano,<br>*Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | C.A. NO. 4:23-CV-00218 |
| | § | |
| Carvana, LLC, | § | JURY TRIAL DEMANDED |
| *Defendant.* | § | |
| | § | |
| | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Adam Arellano and files this Original Complaint against Carvana, LLC ("Defendant" or "Carvana").

## I.    NATURE OF THE CASE

1.    This employment discrimination case is brought by Adam Arellano, a former employee of Carvana, LLC. Plaintiff brings claims of discrimination due to his national origin (Dominican) and sexual orientation, including a hostile work environment claim, and retaliation under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), and the Texas Commission on Human Rights Act ("TCHRA").

## II.    PARTIES

2.    Adam Arellano is an individual, who is a current resident of the State of California.

3.      Defendant Carvana, LLC is an Arizona-based for-profit company that may be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III.    JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights. 28 U.S.C. § 1331.

5.      Within 300 days of the last discriminatory act complained of, Plaintiff filed his initial complaint with the Equal Employment Opportunity Commission ("EEOC") via Charge of Discrimination No. 460-2022-05304.

6.      Therefore, Plaintiff has exhausted any applicable administrative remedies and on or about January 3, 2023, received the Dismissal and Notice of Right to Sue letter from EEOC. This lawsuit has been filed within 90 days of his receipt of the Dismissal and Notice of Right to Sue letter.

7.      Thus, all conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

8.      Venue is proper in this judicial district court under 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because Carvana has offices, conducts business, and can be found in this district, and a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the Southern District of Texas.

## IV.    STATEMENT OF FACTS

9.      Plaintiff Adam Arellano, a Dominican male, worked for Carvana at the Houston location, located at 10939 Katy Freeway, Houston, Texas 77079, as a customer advocate delivery driver from approximately September 2021 to June 2022.

10.      Immediately after starting his employment with Carvana, Arellano was subjected to offensive, harassing, degrading, and derogatory comments relating to his national origin and sexual orientation by his coworkers. For example, Plaintiff was called names such as "faggot," "gay," or "maricon," "puto," and "punal" (the last three names meaning "faggot," or something similar in Spanish). Coworkers would also leave racially charged comments on notes, or draw stick figures on notes with captions like "look at the little gay version of you, f***ing faggot," and leave them in Plaintiff's backpack for Plaintiff to find after his shift. One employee even warned Plaintiff's customers that Plaintiff "was gay and he[, meaning Plaintiff,] will hit on you, be careful."

11.      Plaintiff's coworkers would also say derogatory things about Plaintiff's race such as "Dominicans smell like Crisco."

12.      Plaintiff's coworkers would also ensure Plaintiff's work day was as miserable as possible, frequently stealing the lunches he would bring to eat during his lunch break.

13.      Plaintiff informed management of the Carvana Houston location on approximately four separate occasions. The first time, Plaintiff's supervisor told Plaintiff, "there is nothing I can do." Upon information and belief, no manager at the Carvana Houston location addressed Plaintiff's complaint with any of the offending employees, much less reprimanded the employees.

14.      Plaintiff also informed the Human Resources Department with Carvana.

15.     However, after Plaintiff's complaint to Human Resources ("HR"), Plaintiff began to experience retaliation by his supervisors. Specifically, the Operations Manager confronted Plaintiff about his complaint to HR and told Plaintiff to "get over it" and that "it was [his] hub, not [Plaintiff's] and [he] would run this place the way [he] wanted to."

16.     Additionally, after Plaintiff's complaint to HR, Plaintiff's supervisor began to retaliate against Plaintiff by complaining about Plaintiff's "drive score," stating that if Plaintiff did not get his score up, he would be fired. Generally, a "drive score" at Carvana is Carvana's internal score that is determined by how fast a customer advocate delivery driver processes the paperwork when delivering cars to customers as well as how well the employee drives the car being delivered. Though several other employees had lower drive scores than Plaintiff, Plaintiff was the only employee at the Carvana Houston location to have his employment threatened due to the score, and only threatened almost immediately after Plaintiff complained to HR.

17.     Plaintiff reported the retaliation to HR, only to be told that Plaintiff could be fired for any reason. In other words, Plaintiff received no support from HR regarding being retaliated against for complaining of the discriminatory treatment sustained by him at the Carvana Houston location.

18.     Then, the management at the Carvana Houston location began to assign Plaintiff so many tasks, way more than usual, that Plaintiff could not possibly complete them all within his shift. At the same time, other employees were allowed to leave early or even give their job duties to Plaintiff to complete.

19.     In other words, Plaintiff was treated differently – and horribly – by his coworkers, his supervisors, and the management at Carvana's Houston location because he complained

4

to HR about the discrimination and harassment he sustained by his coworkers.

20.     Finally, the harassment created such a hostile work environment, the conduct so pervasive and extreme, that Plaintiff could not sustain any more mistreatment. The emotional distress and dread Plaintiff felt before going to work was palpable. So, on June 17, 2022, Plaintiff told his manager that he could not come back to work until the harassment had been addressed by management.

21.     On June 21, 2022, the district manager called Plaintiff and said she accepted Plaintiff's resignation. Confused, Plaintiff told her that he did not quit, he just wanted the harassment to be addressed. The district manager responded, "well, we are taking your resignation for you and you [(Plaintiff)] have another thing coming." Even the district manager of Carvana could not speak to Plaintiff in a civil, much less respectful, manner. Because of this interaction with the district manager, Plaintiff was essentially terminated by Carvana.

## V.     CAUSES OF ACTION

A.     COUNT NO. 1: DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT (NATIONAL ORIGIN & SEXUAL ORIENTATION)

22.     Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

23.     Plaintiff is a member of one or more protected classes under Title VII of the Civil Rights Act. Plaintiff suffered adverse employment actions, through both consistent and pervasive harassment based on his national origin and sexual orientation and termination of employment. Plaintiff was qualified for his position with Carvana, performed well, and had no negative performance evaluations. Despite this, due to his national origin and sexual

orientation, Plaintiff was treated differently – and callously and horrendously – by his coworkers, supervisors, management, HR, and the district manager. Plaintiff was also subjected to a hostile work environment and ultimately terminated due to his national original, sexual orientation, and/or in retaliation for complaining of the degrading and discriminatory treatment he suffered.

B.     COUNT 2: RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

24.     Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

25.     Plaintiff complained to Carvana multiple times regarding the discrimination he suffered while working for the company. Not only did the company fail to address the issue, but retaliated against and ultimately terminated Plaintiff. Meanwhile, none of the employees, including Plaintiff's coworkers, supervisors, management at the Houston location, or the district manager, were terminated.

C.  COUNT 3: DISCRIMINATION AND RETALIATION UNDER TEXAS LAW

26.     Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

27.     Plaintiff is a member of one or more protected classes under Chapter 21, Sec. 21.051 of the Texas Labor Code ("TCHRA"). Plaintiff was discriminated against, retaliated against for complaining about the discrimination, and ultimately terminated due to his national origin and sexual orientation. Moreover, the actions of the supervisors, management and district manager subsequent to Plaintiff's complaint of discriminatory conduct at Carvana's Houston location constitutes aiding and abetting discriminatory practices, policies, and the actions of Plaintiff's coworkers. Therefore, Defendant's conduct is also in violation of multiple sections

of Chapter 21 of the Texas Labor Code. *See* TEX. LAB. CODE §§ 21.051(1), 21.055(1), (3), 21.056.

D.    DAMAGES

28.    Due to the national origin and sexual orientation discrimination and retaliation Plaintiff suffered at the hands of Carvana, Plaintiff has suffered actual damages. Specifically, since terminated, Plaintiff has been unable to find employment in the oil and gas industry, and continues to accrue damages as of the date of this Complaint. Defendant's actions demonstrate that during Plaintiff's employment, the company had a perverse culture of involving discrimination with malice or with reckless indifference to Plaintiff's protected rights and are in violation of Title VII of the Civil Rights Act.

29.    In addition, Plaintiff avers that Defendant's unlawful discrimination and retaliation justify an award of compensatory and punitive damages.

30.    Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Plaintiff has been subjected to an adverse employment action as a result of the discrimination and retaliation. Such discrimination and retaliation was committed with malice and reckless indifference to the rights of Plaintiff, who endured discrimination and retaliation, and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

31.    Plaintiff has been denied opportunities to which he was entitled and  such benefits and privileges that she would have received if she had not been intentionally discriminated against by Defendant. Plaintiff is now suffering  and  will continue to suffer past and future

pecuniary losses, emotional and physical  pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  These irreparable injuries and monetary damages are the result of Defendant's discriminatory and retaliatory practices and they will continue unless and until this Court  grants relief.

## VI.      JURY REQUEST

32.    Plaintiff requests a trial by jury.

## VII.      PRAYER

For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

a)      For actual damages;

b)      Back pay to compensate Plaintiff for loss of income and/or employment related benefits resulting from the discriminatory and retaliatory actions of Defendant;

c)      Compensatory damages for severe mental anguish in the past and future, injury to his reputation, for adverse effects on his career, and for diminished earning capacity resulting from the discriminatory and retaliatory actions of Defendant;

d)      For exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendant's unlawful employment practices;

e)      An award of reasonable attorneys' fees and the cost and expenses related

to the litigation of this claim;

f)     Pre-judgment interest at the highest rate allowed by law;

g)     Post-judgment interest at the highest rate allowed by law; and

h)     For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

/s/*Bridget Davidson*

Bridget Davidson
*bdavidson@spacecitylaw.com*
SD Bar No.: 3005005
TBN: 24096858
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-397-6075
Fax: 713-583-1107

ATTORNEY FOR PLAINTIFF